Thomas A. Mesereau Jr.,
Mesereau Law Group P.C.
10100 Santa Monica Blvd. Suite 300
Los Angeles, CA 90067
310-651-9960
mesereau@mesereaulaw.com

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Rd, Suite 216
Glendale, CA 91208
424-902-9280
wirschinglaw@outlook.com

Counsel for Artur Ayvazyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTUR AYVAZYAN<br><br>Defendant. | Case No. 20:CR-00579-SVW<br><br>**RULE 29 MOTION FOR JUDGEMENT OF ACQUITTAL** |

Defendant, Artur Ayvazyan, renews his motion for judgment of acquittal

on all counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

First, he moves for acquittal on all counts for insufficient evidence on each

element of each count. In addition, and without waiving that general motion, he

moves for acquittal as follows.

1

## I. LEGAL STANDARD

A defendant is entitled to a judgment of acquittal if the evidence produced against him is insufficient to sustain a conviction. To evaluate a motion under Federal Rule of Criminal Procedure 29, the Court "must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985) (quoting *United States v. Hazeem*, 679 F.2d 770, 772 (9th Cir.), cert. denied, 459 U.S. 848 (1982)); see also Fed. R. Crim. P. 29. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Although Jackson requires the reviewing court initially to construe all evidence in favor of the government, the evidence so construed may still be so supportive of innocence that no rational juror could conclude that the government proved its case beyond a reasonable doubt." *United States v. Nevils,* 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc). "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case." *Id.*

//

//

//

## II. ARGUMENT

### 1. Insufficient Evidence was Presented at Trial for Conviction Beyond a Reasonable Doubt as to All Charges

Artur Ayvazyan moved the Court at the close of the government's case for judgement of acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29. (TR 65 – 72, June 22, 2021 P.M.) Artur Ayvazyan renewed that motion at the close of all evidence. (TR 36, June 23, 2021 PM.) Artur Ayvazyan now moves for acquittal on all counts for insufficient evidence on each element of each count following conviction at trial, incorporating all prior arguments. It is clear by the lack of evidence as to Artur Ayvazyan that "mere speculation, rather that reasonable inference" were the grounds for conviction in this case. *Id.* In addition, and without waiving that general motion, he moves for acquittal as follows.

### 2. Insufficient Evidence was Presented at Trial for Conviction on Count 24

Artur Ayvazyan was charged in Count 24 of the First Superseding Indictment with a violation of 18 USC §1028A – Aggravated Identity Theft. (Dkt. 154) Court's Instruction No. 32 set forth the elements of the offense (in pertinent part) as [f]irst, the defendant **knowingly** transferred, possessed, or used

without legal authority a means of identification of another person, namely, the

following:" "[f]or Count Twenty-Four, the name and date of birth of Anna

Dzukaeva[,]" "[s]econd, the defendant knew that the means of identification

belonged to a real person[,]" and "[t]hird, the defendant did so during and in

relation to a specific bank fraud or wire fraud offense charged in the indictment,

namely, the following:" "For Count Twenty-Four, wire fraud, as charged in

Count Twelve." (Dkt. 609)(Emphasis added)

a. <u>The Evidence was Insufficient to Prove Knowing</u>

<u>Possession Beyond a Reasonable Doubt</u>

To be properly convicted of Aggravated Identity Theft, the government

must have submitted evidence that could prove beyond a reasonable doubt that

Artur Ayvazyan knowingly possessed the name and date of birth of Anna

Dzukaeva. (Court's Instruction No. 32, DKT. 609) The government failed to

introduce any evidence that Artur Ayvazyan *knew* that he possessed the name

and date of birth of Anna Dzukeava.  In contrast, Artur Ayvazyan testified under

oath that he did not know that an image containing information about Anna

Duzkaeva was on his phone.

Q Okay. Now, in this trial, it has come to the attention of everyone that some what appear to be synthetic ID's, fake ID's, driver's licenses, whatever, were found on your phone?

A Right.

Q Did you put those on your phone?

A No, sir. I don't even know the whereabouts until I got charged and I went through the phone and I saw all that stuff and I erased it right away.

Q Do you know who put that information on your phone?

A Most likely my wife.

Q You did not do it?

A No, sir.

Q Did you invent any of those fake ID's or manufacture them at any point?

A No, sir.

TR 104 – 105, June 23, 2021 A.M.

It is clear from the record that the evidence against Artur Ayvazyan was insufficient to establish beyond a reasonable doubt that he *knowingly* possessed Anna Dzukaeva's name and date of birth.

b. The Evidence was Insufficient to Prove Artur Ayvazyan Knew Anna Dzukaeva was a Real Person Beyond a Reasonable Doubt

The government had to prove beyond a reasonable doubt that Artur Ayvazyan knew that Anna Dzukaeva was a real person. (Court's Instruction No. 32, DKT. 609), See also *Flores-Figueroa v. United States*, 555 US 1162 (2009) The government did not introduce any evidence that Artur Ayvazyan had any inkling that Anna Dzukaeva was a real person.

In contrast, when asked under oath "do you know the name Anna Dzukaeva?" Artur Ayvazyan testified "A No, sir. Not until I was charged with her identify theft." TR 115, 116 June 23, 2021 A.M.

It is clear from the record that the evidence against Artur Ayvazyan was insufficient to establish beyond a reasonable doubt that he knew that Anna Dzukaeva was a real person.

 

c. <u>The Evidence was Insufficient to Prove Artur Ayvazyan Possessed Anna Dzukaeva's Information in Relation to Count 12 Wire Fraud</u>

 

To be properly convicted of Aggravated Identity Theft, the government must have submitted evidence that could prove beyond a reasonable doubt that Artur Ayvazyan knowingly possessed the name and date of birth of Anna Dzukaeva in relation to Count 12 -  Wire Fraud. (Court's Instruction No. 32,

DKT. 609) Count 12 alleged that Artur Ayvazyan transmitted or aided and abetted the submission of an application for PPP loan to Lender F in the name of A.D., sent by means of an interstate wire. (Dkt. 154)

The government did not submit any evidence that Artur Ayvazyan transmitted, nor aided or abetted in the submission of a PPP loan in the name of Anna Dzukeava. In contrast, Artur Ayvazyan testified under oath that he did not even know the name of the business (Six Star Farms,) nor was he even aware of any loan in Anna Dzukaeva's name. When asked under oath "do you know the name Anna Dzukaeva?" Artur Ayvazyan testified "A No, sir. Not until I was charged with her identify theft."

TR 115, 116 June 23, 2021 A.M.

> Q Okay. Ever hear of a place called Six Star Farms?
>
> A No, sir.
>
> TR 115, 116 June 23, 2021 A.M.

## III.   CONCLUSION

The government failed to enter sufficient evidence at trial for a jury to find beyond a reasonable doubt that Artur Ayvazyan was guilty of any of the charges against him.  Therefore, Artur Ayvazyan renews his prior motion for judgement of acquittal on all counts for insufficient evidence on each element of each count.

Dated: July 12, 2021            Respectfully submitted,

*/s/Jennifer J. Wirsching*

Jennifer J. Wirsching

Attorney for Artur Ayvazyan