TRACY L. WILKISON
Interim United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00579-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT ARTUR AYVAZYAN'S SECOND MOTION (ECF 1216) AND DEFENDANT TAMARA DADYAN'S FIRST REQUEST (ECF 1217) TO EXTEND RESPECTIVE SURRENDER DATES |
| v. | |
| ARTUR AYVAZYAN, aka "Arthur Ayvazyan," and TAMARA DADYAN, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Interim United States Attorney for the Central

District of California, Assistant United States Attorneys Catherine Ahn, Scott Paetty, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its opposition to defendant Artur Ayvazyan's second motion (ECF 1216) and defendant Tamara Dadyan's first request (ECF 1217) to extend their respective surrender dates.

The government's opposition is based upon the attached memorandum of points and authorities, the declaration of Catherine Ahn, and the files and records in this case.

Dated: December 29, 2021         Respectfully submitted,

TRACY L. WILKISON
Interim United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
CATHERINE AHN
SCOTT PAETTY
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Artur Ayvazyan was convicted of 22 felonies on June 25, 2021.  (ECF 644.)  The government has twice moved to remand defendant Artur Ayvazyan, which the Court denied.  His wife, co-conspirator, and co-defendant Tamara Dadyan was convicted on June 14, 2021 pursuant to a plea agreement, in which she pled guilty to conspiracy to conspiracy to commit wire fraud and bank fraud (Count 1), one count of conspiracy to commit money laundering (Count 26), and one count of aggravated identity theft (Count 24).  (ECF 525.)  The government moved to remand defendant Tamara Dadyan, which the Court also denied.  By the date imposed by this Court for their self-surrender, both defendants will have now had nearly 200 days to prepare themselves for self-surrender.  The government opposes defendants' requests for a continuance of their surrender date because defendants continue to pose the same risks of flight and serious harm that led the government to request remand in the first instance and because defendants have had ample opportunity to prepare to report to begin serving their respective sentences.

Defendants Artur Ayvazyan and Tamara Dadyan were convicted of a callous and extensive fraud and money laundering conspiracy to steal funds that were intended to assist small businesses in dire need of help during one of the most difficult economic and medical crises this country has faced.  Their crimes were assisted by their prolific use of an assembly line of fraud that included forging official documents, creating and maintaining false and synthetic individual and business identities, and opening and maintaining financial accounts in the names of those false and synthetic identities.  These crimes were compounded by their willingness to lie, under oath, to

the jury and to this Court: (1) in the case of Artur Ayvazyan, to minimize and negate his role in the fraud through a transparent and fruitless attempt to lay the entirety of the blame for his own conduct on his wife, who had pleaded guilty prior to trial; and (2) in the case of Tamara Dadyan, to refuse to acknowledge her well-evidenced role in the convicted conspiracies and to make inconsistent and internally contradictory statements regarding her text messages and her participation in the charged schemes.  During defendant Artur Ayvazyan and Tamara Dadyan's sentencing hearings, this Court found that both defendants lied under oath and were not credible.

Defendants have had more than enough time to make arrangements for the disposition of their responsibilities while remaining released on bond.  Defendants' requests to delay their surrender date is a continuation of their attempts to avoid finally facing justice for the serious crimes they committed against the United States and its people during a time of grave calamity.

Defendants have a history of seeking to avoid imprisonment, leading to the instant situation in which defendants have been able to avoid surrendering to the Bureau of Prisons, while on bond, for nearly 200 days post-conviction.  Following this Court's original in-court denial of co-defendants and current fugitives Richard Ayvazyan and Marietta Terabelian's attempt to continue sentencing, the sentencing hearings for the fugitives and defendant Artur Ayvazyan were continued from September 13, 2021 to October 4, 2021.  (ECF 856.)  Defendant Artur Ayvazyan moved to continue sentencing from October 4, 2021 to October 18, 2021 based on the late disclosure of the Presentence Investigation Report ("PSR"), which the government did not oppose (ECF 884, 887); however, following granting of that

additional continuance, defendant Artur Ayvazyan again moved to continue his sentencing from October 18, 2021 to November 15, 2021, which the government opposed (ECF 997, 1010). Sentencing proceeded on that date, during which the Court granted defendant 49 days, or more than 1.5 months, to self-surrender on January 3, 2022, again over the government's objections. (ECF 1197.)

Similarly, following the entry of her guilty plea, defendant Tamara Dadyan's sentencing hearing was originally set for September 27, 2021. (ECF 539.) The government initially agreed to a continuation of that sentencing hearing to October 18, 2021. (ECF 860.) However, the government raised concerns regarding defendant Tamara Dadyan's subsequent attempts to keep continuing the hearing, noting the PSR's concerns regarding unexplained and inconsistent statements regarding income, as well as defendant Artur Ayvazyan and defendant Tamara Dadyan's failure to make arrangements for their two minor daughters' care while in custody. (ECF 1026 at 2-3; see also Tamara Dadyan Initial PSR ¶¶ 89, 110 (ECF 959 (dated September 13, 2021)) and Tamara Dadyan Revised PSR ¶¶ 88-89, 110 (ECF 1118 (dated November 8, 2021).)

The failure of both parents, as articulated in the initial and the revised PSRs noted above, to make arrangements for their family's care both as of September 13, 2021 and November 8, 2021, is particularly revealing. According to defendant Tamara Dadyan's request, the family was aware of their daughter's abnormalities and seizures as early as July 2021. (ECF 1217 at 1.) And yet, no arrangements for the care of their children had been made even as late as mere weeks before the anticipated sentencing dates. While the government is cognizant of the concern that accompanies medical

3

concerns related to one's family, defendants' failures to make preparations prior to these late requests suggests defendants are using these sudden and last-minute filings to simply delay, without any particular end-date, the start of their imprisonment. Furthermore, defendants' history of forgery, lies, and fraud – including lies to this Court and the jury, under oath – is what prompted the government to seek independent verification of the purported medical records provided by defendants.  The fact that defendant Tamara Dadyan has been unable to produce the information upon request is a basis for denying defendants' motions; it is not a basis to grant an extension for the government to conduct a further investigation when the government does not believe further investigation is necessary and opposes the relief defendants seek. As of the date of this filing, despite the government's request for verification and information, the government has yet to receive any response from defendant Tamara Dadyan.  In addition, the types of potential medical issues identified by the defendants are those that will need to be handled by the guardians assuming responsibility for defendants' children while defendants are incarcerated for their crimes.

Both defendant Tamara Dadyan and Artur Ayvazyan's criminal histories also raise significant concerns to their remaining out on bond.  Unfortunately, defendants' criminal history have not remained static while released on bond and supervision.  Defendants reside in an "extravagantly furnished," six-bedroom, nearly 4500 square foot mansion while awaiting punishment for their many crimes (Artur Ayvazyan Revised Presentence Investigation Report ("A.A. PSIR") ¶ 142 (ECF 1128)).  Defendants Artur Ayvazyan and Tamara Dadyan's history

4

of arrests following their indictment in this case includes an extensive, multi-year loan fraud allegedly committed in conjunction with each other and co-defendant Richard Ayvazyan.  (A.A. PSIR ¶ 127.)  Even more concerning, is the fact that defendant Artur Ayvazyan's criminal history – after being convicted in this case and permitted to remain on bond by this Court – also includes an arrest for a serious and horrific violent crime, allegedly committed in that very same home where he resided with his family and minor children.[1]

    The time between sentencing and a self-surrender date is generally understood to be given so that defendants can make the necessary arrangements for the care of dependents, property, and other matters while they are incarcerated by and/or through other responsible individuals and/or organizations – not to permit defendants to remain released to the public until any and all issues may be resolved.  Given the lengthy period of time this Court has already generously granted defendants to make such arrangements since their June 2021 convictions, the extremely concerning arrests of defendant Artur Ayvazyan while on release for numerous serious fraud and violent crime offenses, and their documented failures to take advantage of the time already provided by this Court to make such arrangements for the care of their family, the government respectfully recommends that the Court deny defendants Artur Ayvazyan's second motion and Tamara Dadyan's requests to extend their surrender dates.  The public, and this Court, deserve to see the results of the verdicts returned by the jury and the pleas accepted

---

[1] The U.S. Probation Office submitted a request for an order to show cause hearing on November 5, 2021 (ECF 1113).  The hearing has not yet been scheduled by the Court.

5

and upheld by this Court in seeing defendants finally serve the sentence imposed by this Court.