TRACY L. WILKISON
Interim United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00579-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT ARTUR AYVAZYAN'S THIRD REQUEST TO DELAY SURRENDER DATE (ECF 1266) |
| v. | |
| ARTUR AYVAZYAN, aka "Arthur Ayvazyan," and TAMARA DADYAN, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of

California, Assistant United States Attorneys Catherine Ahn, Scott
Paetty, and Brian Faerstein, and Department of Justice Trial Attorney
Christopher Fenton, hereby files its opposition to defendant Artur
Ayvazyan's third request to the Court to extend his surrender date to
the Bureau of Prisons (ECF 1266) for at least three reasons.

First, defendant's motion to extend his surrender date is moot
because, based on information provided by Special Agent Geffrey
Clark, defendant is in custody at the U.S. Marshals Service office at
the U.S. Courthouse on 1st Street.  Given that he has already
surrendered and is in custody, there is no longer any basis to seek
the relief requested.

Second, defendant's original surrender date was January 3, 2022.
He has repeatedly made numerous, last-minute, and continuously
rejected attempts to avoid surrendering himself to the custody of the
Bureau of Prisons to face justice for his convicted crimes.  After
twice being denied a continuance of his self-surrender date, having
his motion for bail pending appeal denied by this Court, and twice
being denied his motions for bail pending appeal by the Ninth
Circuit, he now seeks an emergency stay of this Court's still active
order that he self-surrender on the basis of a lack of notice.
Defendant's motion is spurious and should be rejected.[1]

Defendant has been on notice of his self-surrender date of

---

[1] See ECF 1206 (first motion to delay self-surrender), 1210
(order denying motion), 1216 (second motion to continue surrender
date), 1226 (application for bond pending appeal), 1229 (government
opposition), 1231 (text-only order denying motions and application),
1238 (minute order denying motions and application); see also United
States v. Ayvazyan, 9th Cir. Case No. 21-50302, Docket Entries 7
(motion for bail pending appeal), docket order dated January 3, 2022
(denying motion), 9 (renewed motion for bail pending appeal), 11
(government opposition), docket order dated January 27, 2022 (denying
renewed motion).

January 3, 2022 for more than two months.  Prior to that, he was on notice of his impending imprisonment since his convictions at trial on June 24, 2021 – giving him, to date, 217 days to "prepare" for his incarceration.  Defendant has not had "four hours" to prepare – he has had 217 days to prepare.  The Ninth Circuit's order was issued yesterday, January 27, 2022, and as made clear in the government's opposition to his then-renewed and now-denied motion for bail pending appeal, once the Ninth Circuit denied his motion, this Court's previous order of self-surrender should and would take effect. Defendant's purported lack of preparedness has been a consistent theme throughout his multiple attempts to avoid self-surrender and should be rejected, once more, by this Court.

This Court's prior order of self-surrender remains in effect, and defendant is obligated to self-surrender to the Bureau of Prisons immediately.  The instructions from the U.S. Probation and Pretrial Services that he self-surrender by noon today are consistent with this Court's order and defendant's motion to set a new self-surrender date is not only unnecessary, it undermines the prior order of this Court and the need for the public to see justice served in this case.

Third, for all the reasons previously set forth in the government's prior submissions and made at various hearings, this Court should deny defendant's application because defendant failed to show by clear and convincing evidence that he is not a danger to the community.  See 18 U.S.C. § 3143(b)(1)(A).  Defendant has shown his danger to the community through the multi-million-dollar conspiracy and substantive offenses for which he was convicted in the instant case, through which he and his co-defendants actually stole more than

1   $17 million in funds intended to alleviate the numerous harms

2   resulting from a once-in-a-generation pandemic, all in a matter of

3   mere months.  See United States v. Reynolds, 956 F.2d 192, 192 (9th

4   Cir. 1992) (danger includes pecuniary or economic harm).  The 133

5   felony-count indictment against defendant in California state court,

6   which is still pending, alleges additional, serious harms on a

7   massive, multi-year scale.  Defendant was further arrested for rape

8   just days before his sentencing hearing.  Defendant is a danger to

9   the community and his application should be denied.

10   Dated:  January 28, 2022            Respectfully submitted,

11                                       TRACY L. WILKISON
                                         United States Attorney
12
                                         SCOTT M. GARRINGER
13                                       Assistant United States Attorney
                                         Chief, Criminal Division
14
                                              /s/
15                                       _____
                                         CATHERINE AHN
16                                       SCOTT PAETTY
                                         BRIAN FAERSTEIN
17                                       Assistant United States Attorneys
                                         CHRISTOPHER FENTON
18                                       Department of Justice Trial Attorney

19                                       Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27

28

4